Case 4:24-cv-00826   Document 1   Filed on 03/04/24 in TXSD   Page 1 of 12

United States Courts
Southern District of Texas
FILED

MAR 04 2024

Nathan Ochsner, Clerk of Court

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE __SOUTHERN__ DISTRICT OF TEXAS
__HOUSTON__ DIVISION

WILLIAM DEXTER WHITE #545599; GEORGE E. TUSTIN #443411
Plaintiff's Name and ID Number

JESTER III UNIT: JESTER III UNIT
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

BRYAN COLLIER, P.O. BOX 99, HUNTSVILLE, TEXAS 77342
Defendant's Name and Address

C.F. HAZELWOOD, P.O. BOX 99, HUNTSVILLE, TEXAS 77342
Defendant's Name and Address

GARTH PARKER, 2503 LAKE ROAD, STE. 5, HUNTSVILLE, TEXAS 77340
Defendant's Name and Address
(DO NOT USE "ET AL.")
DEVELL JONES; JESTER III UNIT, 3 JESTER RD., RICHMOND, TEXAS 77406

INSTRUCTIONS - READ CAREFULLY

NOTICE:

Your complaint is subject to dismissal unless it conforms to these instructions and this form.

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee."   *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES ___NO

   B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

      1. Approximate date of filing lawsuit: __1-19-2005__

      2. Parties to previous lawsuit:
         Plaintiff(s) __WILLIAM DEXTER WHITE__
         Defendant(s) __RONALD C. FOX__

      3. Court: (If federal, name the district; if state, name the county.) __FED. EASTERN DIST.__

      4. Cause number: __6:05cv26__

      5. Name of judge to whom case was assigned: __JUDY GUTHIER__

      6. Disposition: (Was the case dismissed, appealed, still pending?) __LOST AT TRIAL__

      7. Approximate date of disposition: __6-19-2012__

Rev. 05/15

1. Approximate date of filing lawsuit: 8-05-2020
2. Parties to previous lawsuit:
Plaintiff: WILLIAM DEXTER WHITE
Defendant(s) Kourtney Ponder and several others.
3. This suit was filed in Fed. ED Texas.
4. Case No. 1;20-cv-00336.
5. Judges name: Zack Hawthorn.
6. It was dismissed but its sill pendind on appeal to the Fifth Circuit Appeal No. 22-40436
There are several other cases but I do not have all relevant information. In this case full filling fees are being paid in full up front.

George E. Tustin, has only filed one previous suit. The date of the filing was approximately in 2012.
2. Parties to previous lawsuit:
Plaintiff(s) George E. Tustin.
Defendant(s) Brad Livingston.
3. Court: Fed. S.D. Tex.
4. Cause number: 3:12-cv-22.
5. Name of judge to whom case was assigned: George C. Hanks.
6. Disposition: Dismissed.
7. Approximate date of disposition: Final disposition was in 2019 when the U.S. Supreme Court denied the appeal.

ADDITIONAL PAGE ONE OF PAGE TWO

II. PLACE OF PRESENT CONFINEMENT: All Plaintiffs presently are confined at the Jester III Unit.

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    X YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: William Dexter White, George E. Tustin both plaintiffs are confined at the Jester Unit. Address: Jester III Unit, 3 Jester Rd., Richmond, Texas 77406.

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Bryan Collier, he is the Director of TDCJ. He works for TDCJ. Address: P.O. Box 99, Huntsville, Texas 77342.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. He refused and failed to provide all plaintiffs three free Kosher meals each day. He refused and failed to make reasonable accommodation(s) so that any disabled plaintiff could attend the free Kosher meal program on the Stringfellow Unit.

Defendant #2: C.F. Hazelwood, he is the head of all the religious programs for TDCJ. He works for TDCJ. Address: P.O. Box 99, Huntsville, Texas 77342.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. He has refused and failed to provide any or all Plaintiffs three free Kosher meals each day. He has refused and failed to make reasonable accommodation(s) for the disabled plaintiffs could attend the free Kosher meals program on the Stringfellow Unit.

Defendant #3: Garthe Parker, he is the head of food service for all of TDCJ. He works for TDCJ. Address: 2503 Lake Road, Ste. 5, Huntsville, Texas 77340.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. He refused and failed to provide three free Kosher meals for any or all Plaintiffs each day. He refused and failed to make reasonable accommodation(s) so that any disabled plaintiff could attend the free Kosher meals program on the Stringfellow Unit.

Defendant #4: Devell Jones. She is the head of food service on the Jester III Unit. Address: Jester III Unit, 3 Jester Rd., Richmond, Texas 77406.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. She has refused and failed to provide any or all plaintiffs three free Kosher meals each day. She has refused and failed to make any reasonable accommodation(s) so that any disabled plaintiff could attend the free Kosher meals program on the Stringfellow Unit.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

In 2007 TDCJ established the only Kosher kitchen to provide three free kosher meals for Orthodox Jewish prisoners. This allowed Orthodox Jewish prisoners to observe their religious practice and G-d's comandment of keeping a Kosher diet. This program was knowingly and intentionally designed, established and maintained on a unit that is not accessible to ADA plaintiffs. Now for over one and a half decades TDCJ and all named defendants have knowingly and intentionally refused and failed to make any accommodations whatsoever so that the disabled plaintiffs could or whould have access to the only Orthodox Jewish free Kosher meals program. Thus causing and resulting in severe harm.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Provide all plainitffs be provided three free Kosher shelf stable meals per day no matter the unit they are confined at. A hot pot to heat them and storage locker to store them. Establish, maintain and operate a Kosher kitchen that is accessible to all disabled plaintiffs. Compensatory damages be rewarded to disabled plaintiffs as listed in the attached memorandum of law. Also, award plaintiffs with reimbursment of all cost and fees related to this suit.

VII. GENERAL BACKGROUND INFORMATION: related to this suit

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
William Dexter White, is the only names I have been known by.

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
402017 is the only other # that I have been incarcerared anywhere by.

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES  X  NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division):_____
2. Case number:_____
3. Approximate date sanctions were imposed:_____
4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

4

Defendant #1: Bryan Collier who is the Director of TDCJ: This claim against him is in his official and individual capacity. He did, has and continues to deny all named plaintiffs their right to practice their Orthodox Jewish religious rights to maintain a Kosher diet. This denial damages their souls and their relationship with G-d.

Claim #2: Bryan Collier the Director of TDCJ. This claim against him is in his official and individual capacity. TDCJ in 2007 knowingly and intentionally established, maintained and operated the only free Kosher kitchen on the Stringfellow unit. When this program was implemented it was not accessible to any ADA disabled plaintiff(s). Since from the opening of this program until present the defendant has made no accommodations to make this only free Kosher meal program available to the disabled plaintiffs.

Defendant #2: C.F. Hazelwood who is the Director of TDCJ's religious programs: This claim against him is in his official and individual capacity. He did, has and continues to deny all named plaintiffs their right to practice their Orthodox Jewish religious rights to maintain a Kosher diet. This denial daily damages their souls and their relationship with G-d.

Claim #2: C.F. Hazelwood the Director of TDCJ's religious programs. This claim against him is in his official and individual capacity. TDCJ in 2007 knowingly and intentionally established, maintained and operated the only free Kosher kitchen for qualified Orthodox Jewish prisoners on the Stringfellow unit. When this program was implemented it was not accessible to any ADA disabled plaintiff(s). Since from the opening of this program until present this defendant has knowingly and intentionally has made no accommodation(s) to make this only free Kosher meals program accessible to the disabled Orthodox Jewish plaintiffs.

ADDITIONAL PAGE ONE OF PAGE FOUR

Defendant #3: Garth Parker who is the head of food service for TDCJ: This claim against him is in his official and individual capacity. He did, has and continues to deny all named plaintiffs their right to practice their Orthodox Jewish religious rights to maintain a Kosher diet. This denial daily damages their souls and their relationship with G-d.

Claim #2: Garth Parker, he is the head of food service for TDCJ. This claim against him is in his official and individual capacity. TDCJ in 2007 knowingly and intentionally established, maintained and operated the only free Kosher kitchen for qualified Orthodox Jewish prisoners on the Stringfellow unit. When this program was implemented it was not accessible to any ADA disabled plaintiff(s). Since from the opening of this program until present this defendant has knowingly and intentionally made no accommodation(s) to make this only free Kosher meals program accessible to the otherwise qualified disabled Orthodox Jewish plaintiffs.

ADDITIONAL PAGE TWO TO ADDITIONAL PAGE FOUR

Defendant #4: Devell Jones who is the head of food service on the Jester III unit where all plaintiffs are currently housed. This claim against her is in her official and individual capacity. She did, has and continues to deny all named plaintiffs their right to practice their Orthodox Jewish religious rights to maintain a Kosher diet. This denial daily damages their souls and their relationship with G-d.

Claim #2: Devell Jones, she is the head of food service for the Jesterr III Unit where all otherwise qualified plaintiffs are currently housed. This claim against her is in her official and individual capacity. TDCJ in 2007 knowingly and intentionally established, maintained and operated the only free Kosher kitchen for qualified Orthodox Jewish prisoners on the Stringfellow unit. When this program was implemented it was not accessible to any ADA disabled plaintiff(s). Since from the opening of this program until present this defendant has knowingly and intentionally made no accommodation(s) to make this only free Kosher meals program accessible to the otherwise qualified disabled Orthodox Jewish plaintiffs.

## ADDITIONAL RELIEF REQUESTED

1. That the court enter a decalatory judgment that TDCJ intentionally discriminated against both disabled ADA or ADAAA plaintiffs' by establishing and maintaining the only Kosher kitchen on the Stringfellow Unit. This is a Unit that was and is not ADA accessable. That TDCJ has not made any accomodations for either named plaintiff or any other disabled Orthodox Jewish prisoner that is disabled so they will or would have access to a Kosher kitchen that serves three free Kosher meals a day to disabled Orthodox Jewish inmates.

2. That both named disabled plaintiffs be awarded the following amount of compenstatory damages. White $37,047.50; Tustin $46,609. In the event another qualified disabled Orthodox Jewish prisoner joins this suit or class action certification is granted individual compenstatory damages will be sought for each of them. The aforementioned amount is calculated as of the date of filing this suit. From this date forward the amount for each named plaintiff will increase by twenty dollars and thirty cents, per-day until each plaintiff is provided three free Kosher stable meals per-day along with a hot pot to heat them up in and a storage locker to keep them in.

3. An additional daily amount will be sought for each and every day either named plaintiff or any otherwise qualified disabled Orthodox Jewish prisoner that will be named later or if class action certification is granted. That has been or is being denied access to a kosher kitchen like other non-disabled Orthodox Jewish prisoners have had access to since 2007.

ADDITIONAL PAGE FOUR OF PAGE FOUR

    C. Has any court ever warned or notified you that sanctions could be imposed? \_\_\_\_YES \_\_\_\_NO

    D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

        1. Court that issued warning (if federal, give the district and division): _____

        2. Case number: _____

        3. Approximate date warning was issued: _____

Executed on: _____
           DATE

_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this   __28th__   day of __February__, 20__24__.
            (Day)          (month)      (year)

*William Deyte White*
*George E. Tustin*
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

United States Courts
Southern District of Texas
FILED

MAR 04 2024

Nathan Ochsner, Clerk of Court

George E. Tustin #443411
Jester III Unit
3 Jester Rd.
Richmond, Texas 77406

February 2B 2024

United States District Court
Mr. Bob Casey; Clerk
U.S. Courthouse
515 Rusk St.
Houston, Texas 77002
Re: Having the enclosed §1983 lawsuit filed and be provided the Case No.

Dear Mr. Casey;

    Please find enclosed mine and Dexter White's §1983 lawsuit we are seeking you to file. Also enclosed is my application to proceeding in forma pauperis. I have the full filing fee on my inmate trust fund. White's father will be calling and sending you his full filing fee. Please docket this suit and provide me the cause No. that it is assigned. I want to thank you in advance for your time and professional assistance.

Respectfully requested,

*George E. Tustin* (signature)
George E. Tustin

George E Tustin
# 443411
Jester # unit
3 Jester Rd
Richmond, TX. 77406



United States Courts
Southern District of Texas
FILED

MAR 04 2024

Nathan Ochsner, Clerk of Court

United States District Court
Mr. Bob Casey, Clerk
U.S. Courthouse
515 Rusk
Houston, TX 77002